UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Diem Tran,

    Plaintiff,

v.

LVNV Funding LLC,

    Defendant.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's communications, in connection with collection of a debt, of credit information that Defendant knew or should have known was false, and Defendant's failure to communicate that the disputed debt was disputed.

## PARTIES

2. Plaintiff Diem Tran is a natural person who resides in the city of Eden Prairie, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant LVNV Funding LLC ("LVNV") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

5. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and Defendant "resides" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Defendant attempted to collect on a debt allegedly owed to American Express ("the alleged debt").

7. The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Plaintiff never had an American Express account, never received bills from American Express, and never saw anything reported by American Express on any of her credit reports.

9. LVNV was on notice that Plaintiff never had an American Express account and that she disputed the debt.

10. Notice to LVNV that the account was not Plaintiff's and that she disputed it included, without limitation, notice from Plaintiff's husband in or around April

2009, that neither Plaintiff nor her husband ever had an American Express account.

11. After being notified that the alleged debt was not Plaintiff's and that she disputed it, Defendant reported the alleged debt to one or more credit bureaus.

12. Defendant's reporting of the alleged debt to one or more credit bureaus was an attempt to collect the alleged debt.

13. In its report to one or more credit bureaus, Defendant failed to communicate that the disputed debt was disputed.

14. Defendant's credit reporting of the alleged debt was false.

15. On or about July 16, 2009, Plaintiff's application for a mortgage was denied due at least in substantial part to the inaccurate LVNV account on Plaintiff's credit reports.

16. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)

18. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

19. Defendant's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

20. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

21. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

### COUNT II:
### CREDIT DEFAMATION

22. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

23. Defendant's foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

24. Defendant's foregoing actions and omissions were intentional and malicious.

25. As a result of Defendant's intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## COUNT III:
## NEGLIGENCE

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

27. Defendant's foregoing actions and omissions constitute a breach of Defendant's duty to Plaintiff.

28. Defendant's foregoing actions were intentional and malicious.

29. As a result of Defendant's intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against Defendant for:

   a.) Plaintiff's actual damages;

   b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

   d.) Such other and further relief as may be just and proper.

Dated:       3/3/10           **GOOLSBY LAW OFFICE, LLC**

By:         s/John H. Goolsby
John H. Goolsby, #0320201
2021 East Hennepin Avenue, Suite 195
Minneapolis, MN 55413
Telephone: (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**